UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
RHONDA TURPIN,                          :
        Petitioner,                     :
                                        :              PRISONER
     v.                                 :  Case No.  3:14-cv-255(AWT)
                                        :
WARDEN,                                 :
        Respondent.                     :
```

ORDER

The petitioner currently is confined in the Federal Prison Camp in Danbury, Connecticut.  She challenges her federal conviction by a petition filed pursuant to 28 U.S.C. § 2241.

A petition filed pursuant to section 2241 is used to challenge "the *execution* of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions."  Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001) (citing Chambers v. United States, 106 F.3d 472, 474-75 (2d Cir. 1997) (describing situations where a federal prisoner would properly file a section 2241 petition)).  A challenge to the underlying conviction or actual sentence imposed is filed pursuant to 28 U.S.C. § 2255, which "channels collateral attacks

by federal prisoners to the sentencing court (rather than to the court in the district of confinement) so that they can be addressed more efficiently." Triestman v. United States, 124 F.3d 361, 373 (2d Cir. 1997).  Thus, as a general rule, federal prisoners challenging the imposition of their sentences must do so by a motion filed pursuant to section 2255 rather than a petition filed pursuant to section 2241.  See id. at 373.

The petitioner directs the court to Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253 (11th Cir. 2013), in support of her contention that this court, rather than the sentencing court, can order her release.  In Bryant, however, the court acknowledged that reduction to the statutory maximum was permitted by the court hearing the 2241 petition because the only challenge to the sentence was that it exceeded the statutory maximum.  See id. at 1288.  The court specifically noted that the petitioner could not assert any challenge to application of the sentencing guidelines below the maximum sentence in a 2241 petition.  See id.

The petitioner states in the memorandum in support of her petition that her case was remanded for resentencing because her original sentenced exceeded the statutory maximum.  See Doc. #1 at 3.  Thus, she already was afforded the relief awarded in Bryant.  The petitioner now argues that her sentence is improper because the trial court relied on repealed law in calculating the sentence.  She also challenges her conviction on the ground that

her indictment violates several federal statutes and rules of criminal procedure because she was indicted as a victim.  See Doc. #1 at 4.  The court concludes that the petitioner is challenging the imposition of her sentence, so her challenge must be presented to the sentencing court.

Accordingly, the Clerk is directed to transfer this case to the United States District Court for the Northern District of Ohio pursuant to 28 U.S.C. § 1404(a) for whatever action that court deems appropriate.

It is so ordered

Dated this 6th day of March 2014, at Hartford, Connecticut.

                              /s/AWT
                        Alvin W. Thompson
                      United States District Judge